Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Jul 02 2:33 PM-18CV005673
0E222 - M55
Case: 2:18-cv-00809-ALM-CMV Doc #: 1-2 Filed: 08/08/18 Page: 1 of 6 PAGEID #: 11

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

JUL 0 9 2018

| | |
|---|---|
| JASON PARSLEY<br>3272 Wicklow Road<br>Columbus, Ohio 43204<br><br>   Plaintiff<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE CO.<br>8801 Indian Hills Drive<br>Omaha, NE 68114<br><br>and<br><br>ABC INSURANCE COMPANIES<br>#1 THROUGH #3<br>Names Unknown<br>Addresses Unknown,<br><br>   Defendants. | CASE NO:<br><br>JUDGE:<br><br>**COMPLAINT FOR BREACH OF**<br>**CONTRACT, BAD FAITH AND MONEY**<br>**DAMAGES, INCLUDING PUNITIVE**<br>**DAMAGES**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Plaintiff, Jason Parsley, by and through his counsel David A. Goldstein Co., L.P.A. and for his Complaint state as follows:

### COMMON FACTUAL ALLEGATIONS

1. Plaintiff Jason Parsley is an individual who was a full-time employee of the State Teachers Retirement System of Ohio{"STRS").

2. As an employee of STRS, Plaintiff and/or his employer on his behalf made premium payments to Defendants for a Long Term Disability Policy.

3. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company, parent company, subsidiary or sister company of an insurer that is authorized to issue policies of insurance in Ohio, and conduct a business of insurance in the State of Ohio.

4. At the time of the occurrence, Plaintiff could not discover Defendants ABC

**EXHIBIT A-1**

Insurance Companies #1 through #3 ("ABCs 1-3"), who may have issued a Long Term Disability Policy that would cover Plaintiff.

5. On or about January 1, 2015, Defendants issued a Group Long Term Disability Insurance Policy to STRS under policy number 000010196079 effective January 1, 2015("Policy"). A copy of the policy is attached hereto and incorporated herein as Exhibit A.

6. Pursuant to the terms and condition of the Policy, Defendants would pay Plaintiff long term disability benefits so long as certain conditions were met.

7. On or around March of 2016, Plaintiff was experiencing debilitating pain in his lower back as well as numbness and tingling. Plaintiff was having trouble walking and putting any pressure on his legs.

8. As a result of said pain, Plaintiff presented to his family doctor who referred him to an orthopedic surgeon as well as a neurosurgeon.

9. Plaintiff underwent a number of diagnostic tests which revealed L5 nerve damage, displaced disk fragment, degenerative disk disease and other conditions.

10. On or around May of 2016, Plaintiff went on short term disability as a result of the conditions set forth above and his inability to work.

11. On August 9, 2016, Plaintiff underwent surgery on his spine. Although Plaintiff underwent said surgery his complaints continued.

12. Plaintiff received epidural injections and other conservative treatment with little to no relief for his symptoms.

13. Plaintiff's neurosurgeon has recommended a second surgery however said surgery has no guarantees it would reduce and/or alleviate his symptoms.

14. As a result of his condition and inability to work, Plaintiff sought long terms

**EXHIBIT A-1**

disability benefits from Defendants as well as the Ohio Public Employees Retirement System("OPERS").

15. On or about July 11, 2016, Defendants granted long term disability benefits to Plaintiff for his condition.

16. OPERS granted Plaintiff long terms disability benefits for his condition.

17. On or about May 15, 2017, Defendants, without reasonable justification ceased to provide Plaintiff with his benefits under the policy of insurance. See Exhibit B attached hereto and incorporated herein.

18. Pursuant to the terms and conditions of the Policy, Plaintiff appealed and provided documentation setting forth he was "totally disabled" and as a result could not work in either his own occupation or perform the main duties in any occupation which his experience and education would reasonably allow.

19. On August 10, 2017, Defendants, without reasonable justification denied his appeal and refused to pay any additional benefits.

20. Thereafter, Plaintiff submitted additional appeals with additional documentation including a report by an Independent Medical Examinor by Dr. Aaron Fritz. Dr. Frtiz opined to a reasonable degree of medical certainty Plaintiff is unable to work in any capacity due to his ongoing medical condition.

21. Plaintiff advised Defendants that OPERS recognizes Plaintiff is totally disabled as it continues to pay long term disability benefits to Plaintiff

22. Defendants, without reasonable justification, ignored the medical evidence and have denied every appeal.

23. Plaintiff has exhausted his contractual rights of appeal and has satisfied all

**EXHIBIT A-1**

conditions for bringing said claims.

24. Subject matter jurisdiction, personal jurisdiction and venue are proper in the Franklin County Court of Common Pleas as the claims arose in this County and Defendants do business in this County.

## COUNT ONE-BAD FAITH

25. Plaintiff hereby incorporates Paragraphs 1 through 24 of the Complaint above as if rewritten in their entirety.

26. Plaintiff has made reasonable demands for coverage under the Policy.

27. By denying the claim, Defendants do not have to pay benefits rightfully owed to Plaintiff.

28. By denying the claim, Defendants incur a financial benefit to Plaintiff's detriment.

29. Defendants have wrongfully, without reasonable justification therefore and with malice, refused to recognize, adjust, investigate and provide coverage under the Policy.

30. Defendants' actions constitute bad faith pursuant to the common law tort set forth in *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552 and *Boone v. Vanliner Ins. Co.* (2001) 91 Ohio St.3d 209.

## COUNT TWO-PUNITIVE DAMAGES

31. Plaintiff hereby incorporates Paragraphs 1 through 30 of the Complaint above as if rewritten in their entirety.

32. Defendants have acted with actual malice, fraud or insult entitling Plaintiff to an award of punitive damages and reasonable attorney's fees.

## COUNT THREE-BREACH OF CONTRACT

33. Plaintiff hereby incorporate Paragraphs 1 through 32 of the Complaint above as if

4

**EXHIBIT A-1**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Jul 02 2:33 PM-18CV005673
0E222 - M15
Case: 2:18-cv-00809-ALM-CMV Doc #: 1-2 Filed: 08/08/18 Page: 5 of 6 PAGEID #: 15

rewritten in their entirety.

34. Defendants' failure to provide coverage under the Policy constitutes a breach of contract.

35. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(1) Judgment against Defendants in an amount greater than $25,000; and

(2) For punitive damages; and

(3) For reasonable attorney's fees; and

(4) For such other relief as the Court deems appropriate; and

(5) For the costs and expenses of this action.

>  Respectfully submitted,
>
>  /s/ David A. Goldstein
>  **DAVID A. GOLDSTEIN (0064461)**
>  DAVID A. GOLDSTEIN CO., L.P.A.
>  511 S. High Street
>  Suite 200
>  Columbus, Ohio 43215
>  (614) 222-1889
>  (614) 222-1899(Fax)
>  dgoldstein@dgoldsteinlaw.com
>
>  Attorney for Plaintiff

**EXHIBIT A-1**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Jul 02 2:33 PM-18CV005673
0E222 - M6
Case: 2:18-cv-00809-ALM-CMV Doc #: 1-2 Filed: 08/08/18 Page: 6 of 6 PAGEID #: 16

## JURY DEMAND

Pursuant to Civil Rule 38, a trial by a jury composed of the maximum number of jurors permitted under law is hereby demanded on all issues triable of right.

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**

# EXHIBIT A-1